UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CRAIG LOMBARD, )<br>Plaintiff, )<br>)<br>v )<br>)<br>ABSOLUTE CREDIT, LLC )<br>Defendant. )<br>) | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, CRAIG LOMBARD, by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE, for his complaint against the Defendant, ABSOLUTE CREDIT, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

### II. JURISDICTION & VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. Defendant conducts business in the State of New Hampshire and therefore, personal jurisdiction is established.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

### III. PARTIES

6. CRAIG LOMBARD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in Concord, New Hampshire.

7. ABSOLUTE CREDIT, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debts and incorporated in the State of Maine with a business address located at 175 Exchange Street, Bangor, Maine 04401.

8. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to AT&T.

9. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

### IV. ALLEGATIONS

11. At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to a bill originally owed to AT&T.

12. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

13. Beginning on or around May 1, 2009, Defendant and its agents, employees, etc., engaged in debt collection activities seeking payment from Plaintiff on an account settled and paid seven (7) years ago to the original creditor.

14. Defendant, by and through a male caller identifying himself as "Jim", contacted Plaintiff on both his home and cell phone numbers *everyday* in an attempt to collect the alleged debt.

15. At times, Defendant would contact Plaintiff four (4) to six (6) times a day.

16. Plaintiff told Defendant to stop contacting him; however, Defendant ignored Plaintiff's instructions and continued to contact him everyday.

17. Plaintiff disputed owing the debt, informing Defendant that the debt was beyond the statute of limitations for which they could collect.

18. In response, Defendant threatened Plaintiff that they were "going to call [him] everyday multiple times until [he] pay[s] this bill."

19. Plaintiff informed Defendant that its repeated contact with him was a violation of the FDCPA, to which Defendant responded, laughing, "I'll call you later tonight and will keep calling until you pay."

20. Defendant's repeated and constant calls caused Plaintiff to change his home phone number.

21. However, Defendant obtained Plaintiff's cell phone number and began contacting him repeatedly, despite Plaintiff's multiple requests to stop calling him.

22. Defendant told Plaintiff "he was not a man if he did not pay his bills".

23. Feeling frustrated, Plaintiff yelled at Defendant to stop calling him, to which Defendant responded, "Poor baby, am I upsetting you?"

24. Defendant threatened to garnish Plaintiff's wages for not paying this alleged, stale debt.

25. Also, Plaintiff changed his cell phone number so Defendant could no longer contact him.

26. This did not deter Defendant, instead Defendant began contacting Plaintiff's mother at least twice a day seeking information on Plaintiff.

27. Plaintiff's mother told Defendant to stop calling her; however, Defendant disregarded her instructions and continued to contact her looking for Plaintiff.

28. Plaintiff does not reside with his mother.

29. Defendant left over fifteen (15) voice messages on Plaintiff's mother's answering machine in an attempt to collect a debt allegedly owed by Plaintiff.

30. On August 18, 2009, Defendant contacted Plaintiff's mother misrepresenting itself as an old friend in an attempt to gather information about Plaintiff.

31. Defendant, and its agents and employees harassed the Plaintiff by making continuous calls to him and then to his mother.

32. Plaintiff continued to inform Defendant, that he did not owe this debt and that it had been satisfied back in 2002.

33. These harassing and threatening phone calls are evidence of the harassing nature of Defendant. Despite its obligations under the FDCPA, Defendant continued in its efforts to collect on the debt allegedly owed by Plaintiff and continued to threaten Plaintiff.

34. The statute of limitation has expired. *See UCC Chapter 382-A, §3-118.* The statute of limitations for open credit accounts in the State of New Hampshire is three (3) years.

35. Defendant, fails to disclose through correspondence to Plaintiff that the alleged subject debt is judicially unenforceable once the applicable statute of limitations expires.

36. Defendant fails to disclose through correspondence to Plaintiff that the expiration of the applicable statute of limitations limits judicial remedies available to enforce the alleged subject debt.

37. On at least one occasion, Defendant's employees and agents used profane and willfully abusive language in connection with its attempts to collect a debt from the Plaintiff.

38. On at least one occasion in the past year, Defendant's employees and agents called Plaintiff and refused to disclose Defendant's true corporate name upon request.

39. On multiple occasions in the past year, Defendant's employees and agents discussed the alleged debt with various third parties, including but not limited to Plaintiff's Mother.

40. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Defendant violated the FDCPA §1692b and §1692c(b), when it contacted third parties for purposes other than obtaining location information for Plaintiff;

   b. Defendant violated the FDCPA §1692b(2) and §1692c(b), when it disclosed the existence of a debt to third parties owed by Plaintiff;

   c. Defendant violated the FDCPA §1692b(3) and §1692c(b), when it communicated with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff;

   d. Defendant violated the FDCPA §1692d(2), when it used obscene or profane language in connection with collecting a debt;

   e. Defendant violated the FDCPA §1692d(5), when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

5

f. Defendant violated the FDCPA §1692d(6), when it failed to disclose Defendant's true corporate or business name in a telephone call to the Plaintiff;

g. Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

h. Defendant violated the FDCPA §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

i. Defendant violated the FDCPA §1692e(3), when it made false representations or implications that an individual is an attorney or that any communication is from an attorney;

j. The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

k. The threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

l. Defendant violated the FDCPA §1692e(10), when on its own or through its agents and assigns, used false representation or deceptive means to collect the debt;

m. Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

n. Defendant violated the FDCPA §1692f(1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

o. Failed to verify the alleged debt by providing the consumer with a copy of the verification obtained by the original creditor and continued to attempt to collect on the debt allegedly owed by Plaintiff in violation of 15 U.S.C. §1692g(b); and

p. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

41. As a consequence of the Defendant's foregoing actions, Plaintiff has suffered and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CRAIG LOMBARD, by and through his attorney, respectfully pray for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Angela K. Troccoli
Attorney for Plaintiff

Dated: February 10, 2010

Angela K. Troccoli, Esquire, Bar Id#18539
KIMMEL & SILVERMAN, P.C.
*The New England Office*
60 Hartford Pike, PO Box 325
Dayville, CT 06241
(860) 866-4380
atroccoli@lemonlaw.com